(Court of Appeal, Parish of Orleans).

## CABLE COMPANY vs. JOHN Q. FLYNN.

Questions of fact only are involved.

Appeal from the Civil District Court, Division "E."

Frank E. Rainold, for plaintiff and appellee.

Jas. B. Rosser, Jr., for defendant and appellant.

GODCHAUX, J.—Plaintiff sues for an alleged balance due upon a piano that was sold to defendant for the sum of $725 under a written contract, dated October 6, 1903, which provided for the payment of $50 cash down and "balance payable $15 per month commencing November 26, 1903, with interest on deferred payments at the rate of six per centum per annum."

The dispute between the parties is confined to a determination of what balance, if any, is due to plaintiff and the difference between the parties arises primarily because the plaintiff, on the one hand, contends that it is entitled to interest on the deferred payments from the date of the contract, while the defendant, on the other hand, maintains that interest runs only from the maturity of each installment.

Plaintiff secured judgment as prayed for and the defendant has appealed.

It will be noted that the clause of the contract above quoted provides for interest on deferred payments at the rate of six percentum per annum, but does not specify whether such interest shall be calculated from the date of the contract or from the date of each installment. The general rule to the effect that debts bear interest

from their maturity only, unless the contrary has been stipulated, supports defendant's contention; and moreover subsequent clauses in the contract itself make is clear the parties intended that the interest should run on the installments only after maturity. For instance, Section 4 of the contract provides that should the plaintiff extend the time of payment of any installment, the defendant should pay "interest on deferred payments as before stated at the rate of six per centum per annum." —a provision which would be wholly unnecessary if the entire price bore interest from the date of the contract.

Furthermore, this provision, by the use of the phrase, "as before stated," was intended to reiterate and confirm a prior provision to the same effect.

Again, Section 5 provides that should the defendant pay any installment before maturity, that is, by anticipation, he should be allowed interest from the time of such anticipation. This provision is inconsistent with the view that interest runs from the date of contract, for in that event the payment of an installment by anticipation would of itself have the effect of stopping the running of interest upon that portion of the debt; and consequently a provision of this character would result in defendant securing a double credit of interest because of such anticipated payment.

While defendant's complaint upon this score appears to be well founded, a second contention to the effect that plaintiff failed to collect sufficient interest upon a note of a third person which defendant had pledged with it as collateral security for the debt, is without merit.

The note in question was a demand note bearing interest from its date and was liquidated through a series of sundry small cash payments made at divers times; and defendant contends that interest should have been collected for the full period extending from its date until

its final payment. Plaintiff, on the other hand, collected interest upon the respective net balances due after each installment-payment had been made, and this was proper; for the effect of such payments was to restrict the running of interest to the balance due after each payment.

Defendant's reconventional demand, which was founded mainly upon this second contention, was therefore properly rejected.

The views expressed make necessary a re-adjustment of the account so as to debit defendant with interest on the installments from their respective maturities and to credit him with interest on his payments from their respective dates.

The court has adopted September 24, 1907, as the proper time for balancing the account, this being when defendant made his last payment, and all interest, debits and credits have been calculated to that date.

The court finds the following as the true statement of account between the parties as of date September 24, 1907:

| | | |
|---|---:|---:|
| Price of Piano .................. | $725.00 | |
| Interest on the Installments of Price from Respective Maturities Thereof ............ | 91.31 | |
| | | 816.31 |
| Total Payments .................. | $629.00 | |
| Interest on Above From Respective Dates Thereof ......... | 61.48 | |
| | | 690.48 |
| Balance due on September 24, 1907 | | 125.83 |

No installments of the price were anticipated and as the payments made were necessarily imputed first to the interest, leaving the principal constantly in arrears, the

above balance represents the balance of the price due at that time and consequently it should bear the stipulated rate of interest of six per centum from September 24, 1907.

Accordingly the judgment appealed from, insofar as it rejects the reconventional demand, is affirmed; but in all other respects it is amended and to that end it is recast so as to decree that plaintiff have judgment against defendant for the sum of one hundred and twenty-five and 83/100 dollars ($125.83), with six per cent. interest thereon from September 24, 1907, and ten per cent. attorney's fees on the amount of this judgment, the defendant to pay the costs of the lower court and the plaintiff those of the appeal.

June 5, 1911.

Rehearing refused, June 27, 1911.